Vorzimer et al. *v.* Muntzing et al., Appellants.

Argued April 21, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and GRAFF, JJ.

*Anthony Cavalcante,* for appellant.

*David E. Bane,* and with him *Harry D. Leonard,* for appellee.

OPINION BY LINN, J., July 10, 1930:

This appeal is from judgment for want of a sufficient affidavit of defense. Plaintiffs declared for the balance due for goods sold and delivered. The affidavit of defense admitted that the amount had not been paid, and in defense, alleged that one "Losh for a valuable consideration agreed to pay to plaintiffs the amount ...... claimed," and "that the plaintiffs accepted the promise of the said W. L. Losh in full satisfaction of the amount herein claimed by them." We agree with the learned court below that the averment is insufficient. Appellants contend that by some sort of arrangement with themselves, and the plaintiffs and Losh, the plaintiffs released appellants from liability and agreed to accept the obligation of Losh instead. If that was the transaction, it should have been clearly stated; the legal conclusion averred as quoted, cannot be so interpreted in disposing of the rule for judgment; the word "satisfaction" is too ambiguous in the circumstances to support the argument; if Losh in due form became surety for the debt, defendants were not released; if there was a substitution of one debtor for another it should have been averred.

The averment that after the maturity of this debt, defendants "sold their business goods, wares and merchandise in trade to W. L. Losh" ...... "conformably with the bulk-sales act," means nothing in the nature of defense; even if the facts supporting that legal conclusion had been averred, we should still not perceive their relevance without additional averment. The act (May 23, 1919, P. L. 262) does not make the purchaser

liable in assumpsit to the creditor, nor would a sale in violation of the act make him liable in this action: Miller v. Myers — Pa. — (decided April 14, 1930).

Where the only essential averment is inconclusive, evasive and ambiguous it cannot stop summary judgment.

Judgment affirmed.